UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-1292 |
| K. SKEENS, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, while incarcerated at Pontiac Correctional Center, Defendant Skeens denied access to, or destroyed his legal property, and that officials at Pinckneyville Correctional Center and Menard Correctional Center destroyed other property during a shakedown.

Plaintiff alleges he was subjected to strip searches at Pontiac in retaliation for filing grievances.

Plaintiff does not state a claim for the denial of access to his legal property or for the alleged destruction of his other property. Plaintiff was appointed a lawyer in the Southern District case and his personal property claims belongs with the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993). Plaintiff may be able to state a claim for retaliation, but his complaint consists of 379 pages and violates Rule 8 of the Federal Rules of Civil Procedure. Plaintiff also may not bring the Pinckneyville and Menard claims in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

Plaintiff's complaint is dismissed with leave to replead. Plaintiff's amended complaint must state all allegations against one set of defendants, and must be a short and plain statement of the claim for relief. *See* Fed. R. Civ. P. 8. Any additional claims plaintiff wishes to pursue must be filed in separate lawsuits, and an additional filing fee will be assessed for each lawsuit.

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order that complies with the Court's instructions above. If the plaintiff fails to file an amended complaint or follow the Court's specific instructions, as outlined in this order, his case may be dismissed.

2. Plaintiff's motion to supplement documents [4] is DENIED.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3. A digital recording of the merit review hearing has been attached to the docket.

Entered this 4th day of October, 2018

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE